[Civ. No. 8562. First Appellate District, Division Two.—November 9, 1932.]

ANTONE LOPES, Respondent, v. D. R. LEMOS, Appellant.

Chester E. Ross for Appellant.

Louis Oneal and Arthur G. Shoup for Respondent.

SPENCE, J.—Upon a trial by the court sitting without a jury plaintiff had judgment against defendant in the sum of $354.90. This amount was reduced to $342.49 upon motion for new trial and said motion was denied. Defendant appeals from the judgment.

The following statement found in appellant's brief shows the general nature of the controversy: "Defendant is a dairyman operating near Gilroy, California, and employed plaintiff as a laborer at a wage of 40 cents per hour for a 10-hour day, or $4 per day and $24 per week. The date the employment started is in conflict, defendant contending it was on March 31, 1930, and plaintiff contending it was March 4, 1930, and the court found for the plaintiff.

"The employment continued on this basis until in July, 1930, when an agreement was entered into by which plaintiff earned $118.50 on a contract for storing baled hay in a barn, at the rate of $.50 per ton. Defendant contends that this occupied from August 2nd, 1930, to August 30th, while plaintiff contends, and the Court apparently found that it occupied from July 28th to August 16th. The month

of September 1930 was on a daily wage of $4.00 per day. A change from day wages to a monthly wage was made, and plaintiff was placed on the 'Ellis' ranch as foreman. Defendant contends that the employment on the monthly basis started on October 1st, 1930, at the rate of $80.00 per month, defendant to furnish plaintiff and his family with groceries, and with a proviso that if the grocery bill was under an average of $60.00 per month the pay would be $90.00 per month, while plaintiff contends that the monthly wage started on November 1st, at $90.00, and that nothing was said about the amount of groceries defendant would supply, and that he was earning wages at $4.00 per day during October. The agreement was purely oral, and the Court found in accordance with plaintiff's contention.

"The employment continued on the above basis until May 1st, 1931, at which time a further arrangement was entered into, by which it is agreed that defendant was to pay plaintiff $80.00 per month, plaintiff to pay for his own groceries, and defendant to pay plaintiff $20.00 per month for the board of each man in addition to the plaintiff who was employed on the said Ellis Ranch. The only controversy in this connection is as to the date of termination of the employment, defendant contending it was terminated on July 10th, 1931, which plaintiff contends, and the Court found that it continued throughout July, with 5 days out for which a deduction of $20.00 was made."

The issues indicated above, together with other issues, were before the trial court for determination. There was a conflict in the testimony regarding the total amount of respondent's earnings and the amount remaining unpaid. In his opening brief appellant challenged the trial court's findings on both of these issues. In his reply brief appellant states that he "is not attacking the trial court's findings as to the amount of the earnings of the respondent", but he does contend that the evidence is insufficient to sustain the findings relating to the amount remaining unpaid. We find no merit in this contention. Upon the trial respondent testified that there was $374.90 remaining unpaid, while appellant introduced numerous checks given to respondent and contended that respondent had been paid more than the total amount which appellant claimed respondent had earned. He now endeavors by a series of mathematical

computations to show that the balance due was $175.28. Appellant's argument, which ignores what appellant terms respondent's "unsatisfactory evidence", could well have been addressed to the trial court, but the evidence found in the record, although conflicting, sustains the trial court's findings.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.